UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>DENNIS SWERDLEN,<br>　　　　Defendant. | DOCKET NO. 3:18-CR-55<br><br>FACTUAL BASIS |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, Benjamin G. Greenberg, United States Attorney for the Southern District of Florida, and Sandra Moser, Acting Chief, U.S. Department of Justice, Criminal Division, Fraud Section, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. This Factual Basis is not a statement of the defendant and, at this time, the defendant may not have provided information to the United States about the offenses to which the defendant is pleading guilty, or the defendant's relevant conduct, if any.

By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to the plea agreement. The parties also agree that this Factual Basis may, but need not, be used by the United States Probation Office and the Court in determining the applicable advisory guideline range under the *United States Sentencing Guidelines* or the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court or the United States Probation Office to

determine the applicable advisory guideline range or the appropriate sentence under 18 U.S.C. § 3553(a) unless the defendant's right to object to such particular fact is explicitly reserved below.

The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have agreed not to object and which are relevant to the Court's guideline computations, to 18 U.S.C. § 3553(a) factors, or to the Court's overall sentencing decision.

From some time in 2015, through approximately early 2017, in the Southern District of Florida and elsewhere, DENNIS SWERDLEN conspired with others, including Paula Saccomanno, Rockey Hatfield, Steve Lovern, Steve Bailen, and others, to defraud over 70 individuals. This defendant and others participated in a scheme to defraud that raised approximately $3 million from the sale of stock and fractionalized interest in claimed patents tied to a company called N1 Technologies, Inc. ("N1").

This conspiracy occurred by means of materially false and fraudulent pretenses, as well as material omissions, to knowingly devise a scheme and artifice to defraud and to obtain money and property through the delivery of certain mail matter and through certain wire communications, in violation of Title 18, United States Code, Sections 1341, 1343, and 1349.

During the course of the conspiracy, N1 claimed to develop products including "NanoSave N1 Organic," a drinkable motor oil, "Dynamicon Solar Kinetic Generator," an electric generator able to "power a small city," "NanoBolt Lithium Battery," a lithium tungsten battery, and "Viritron VDX," a "natural nanobot that could be programed to deliver a knockout punch to a wide range of bacterial and viral infections."

2

This defendant, and his partner, Saccomanno, were hired by Hatfield and Lovern to sell the claimed patent interests and stock to investors, and this defendant and his partner would share in the sales proceeds provided to them by Hatfield and Lovern as undisclosed commissions and fees. The fees and commissions were taken directly from investor proceeds. This defendant and his partner made approximately $182,750 in commission payments, which equates to raising approximately $456,870 during the conspiracy. This defendant and Saccomanno knew that while they were selling stock and patents, they made between 30% and 40% commissions. Although he may not have known this during the course of the conspiracy, approximately 90% of all funds raised during the fraudulent scheme went to undisclosed commissions and fees.

To induce investors to provide money to the defendants and their co-conspirators, this defendant and his co-conspirators made numerous materially false and fraudulent statements to investors, including, but not limited to: That N1 had and possessed actual patents on its inventions; that an investor was purchasing an ownership unit of a patent with a corresponding United States Patent Office (USPTO) number; that the value of the N1 patents were worth millions; and that investor funds would be used for N1 on things other than commissions and fees.

SWERDLEN engaged in the conduct described above knowingly and willfully, and not because of accident, mistake, or other innocent reason.

R. ANDREW MURRAY
United States Attorney
Western District of North Carolina

BENJAMIN G. GREENBERG
United States Attorney
Southern District of Florida

SANDRA MOSER
Acting Chief, Fraud Section
U.S. Department of Justice
Criminal Division

_[signature]_ DATED: 3/8/18

WILLIAM H. BOWNE, Trial Attorney
U.S. Department of Justice, Criminal Division, Fraud Section
ROGER CRUZ
Assistant United States Attorney, Southern District of Florida

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Indictment, and the Plea Agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Indictment, and the Plea Agreement.

_[signature]_ DATED: 3-7-18

RICHARD LUBIN, Esq.
Attorney for Dennis Swerdlen

4